**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BEST WESTERN INTERNATIONAL, INC., an Arizona non-profit corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>GREENVILLE HOSPITALITY ENTERPRISES, L.L.C., a Mississippi limited liability company; CLARKSDALE HOSPITALITY ENTERPRISES, L.L.C., a Mississippi limited liability company; BHUPATBHAI C. PATEL, an individual; BIPINCHANDRA B. PATEL, an individual,<br><br>    Defendants. | No. CV 08-2055-PHX-JAT<br><br>**ORDER** |

Pending before this Court is Plaintiff Best Western International, Inc.'s Motion for Preliminary Injunction (Doc. # 4) and Motion for Default Judgment (Doc. # 25). For the reasons that follow, the Motion for Default Judgment is granted in part and denied in part, and the Motion for Preliminary Injunction is denied as moot.

## BACKGROUND

Plaintiff operates as a membership organization, its members consisting of individually owned and operated hotels. The rights and obligations of the members are set forth in Best Western's Application and Agreement ( "Membership Agreement"). Plaintiff provides its members with a worldwide reservation system, worldwide marketing campaigns,

and the option of participating in collective purchasing of hotel equipment, furnishings, and supplies. In addition, each Best Western member is authorized to use the Best Western marks in connection with its hotel pursuant to a limited, non-exclusive license. In exchange for receiving the Best Western services and the license, members are obligated to pay membership fees and other assessments.

Upon default by a member hotel of its obligations to Best Western, the Best Western board of directors may terminate the membership and the related use of the Best Western license. Within 15 days following the termination of membership, the former member must cease and desist from using, and remove from public view, all Best Western marks and all references to Best Western. Paragraph 24 of the Membership Agreement cautions that Best Western is entitled to liquidated damages when a former member continues to use the Best Western marks in connection with its hotel for more than 15 days following the termination of the membership. The amount of liquidated damages is equal to 15% of the mean of the Hotel's room rates per day multiplied by the total number of rooms for every day that the former member continues to use the Best Western marks beyond the 15-day grace period.

On February 4, 2003, Defendants Greenville Hospitality Enterprises, L.L.C. ("Greenville") and Bipinchandra B. Patel entered into a Membership Agreement concerning the Regency Inn & Conference Center, located in Greenville Mississippi. On September 15, 2003, Defendants Clarksdale Hospitality Enterprises, L.L.C. ("Clarksdale") and Bipinchandra B. Patel entered into a Membership Agreement concerning the Executive Inn, located in Clarksdale Mississippi. On October 16, 2004, Bhupatbhai Patel was substituted and placed in the stead of Bipinchandra B. Patel as the voting member with respect to the Executive Inn.

On August 3, 2007, Plaintiff notified Defendants that their memberships concerning the Regency Inn and Executive Inn were terminated for a failure to timely pay their accounts, and a failure to comply with the membership bylaws, rules, and regulations.

1  On November 6, 2008, Plaintiff filed its verified complaint asserting twelve causes of action arising out of the parties' Best Western Membership Agreement and Defendants' use of Plaintiff's trade name and trademarks, including: Counts I and III, breach of contract; Counts II and IV, failure to pay for services and supplies received under an open account; Counts V and VI, post termination use of trademarks; Count VII, federal trademark infringement; Count VIII, false designation of origin and unfair competition; Count IX, federal trademark dilution; Count X, unfair competition under Arizona law; Count XI, trademark dilution under Arizona law; Count XII, common law trademark infringement. (Doc. # 1 at ¶ ¶ 38-94.) Plaintiff seeks damages, injunctive relief, and attorneys' fees and costs.

Defendants Greenville and Clarksdale were served on November 20, 2008; Defendants Bhupatbhai Patel and Bipinchandra B. Patel were served on November 26, 2008. Defendants have failed to plead or otherwise appear as required by the Federal Rules of Civil Procedure. The clerk entered Defendants' default according to Rule 55(a). (Doc. # 24)

## ANALYSIS

This Court's decision whether to enter default judgment is discretionary, and it is within the court's power to decline to enter default judgment in favor of a party whose claims are meritless. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092-93 (9th Cir. 1980).

Pursuant to Rule 55(b)(2), Plaintiff seeks default judgment as follows: (a) damages against Defendants Greenville and Bipinchandra B. Patel on Counts I and II in the amount of $83,193.10, together with interest at the rate of 1.5% per month from October 1, 2008 until paid in full; (b) damages against Defendants Clarksdale, Bhupatbhai Patel, and Bipinchandra B. Patel on Counts III and IV in the amount of $3,806.15 together with interest at the rate of 1.5% per month from October 1, 2008 until paid in full; (c) damages against Defendants Greenville and Bipinchandra B. Patel on Count V in the amount of $509,981.05; damages against Defendants Clarksdale, Bhupatbhai Patel, and Bipinchandra B. Patel on Count VI in the amount of $382,090.50; a permanent injunction against all Defendants on Counts VII

1 through XII that enjoins Defendants and their representatives from using Plaintiff's trade
2 name and trademarks; and (4) attorneys' fees and costs on all counts in the amount of
3 $7,371.37. (Doc. # 25)

4 Having reviewed Plaintiff's motion and supporting documents, the Court concludes
5 that Plaintiff has properly established through its affidavits and exhibits that entry of default
6 judgment is appropriate as to all Counts, as well as to Plaintiff's reasonable attorneys' fees
7 and costs. With respect to Counts V and VI, the Court finds that it would be very difficult
8 for Plaintiff to accurately estimate the loss suffered due to Defendants' unauthorized use of
9 its trade name and trademarks. *See Best W. Int'l, Inc., v. Oasis Inv.*, L.P., 398 F. Supp. 2d
10 1075, 1080-81 (D. Ariz. 2005) (upholding same liquidated damages clause in similar fact
11 scenario). Thus, the liquidated damages clause in the Membership Agreement is enforceable
12 and Plaintiff is entitled to recover under that clause.

13 However, with respect to Count V, the Court arrives at a different calculation than
14 what Plaintiff requests in its Motion for Default Judgment. On Count V, Plaintiff seeks
15 judgment in the amount of $509,981.05. However, this Court's calculations on Count V
16 amount to an award of $507,686.40.[1]

17 Accordingly,

18 **IT IS ORDERED** that Plaintiff's Motion for Default Judgment (Doc. # 25) is granted.

19 **IT IS FURTHER ORDERED** that default judgment is entered against:

---

[1] The Court's calculation of the amount of liquidated damages for purposes of Count V is based upon the following: the evidence establishes that the Plaintiff's marks improperly remained in place from August 19, 2007 (the 16th day after Plaintiff terminated the Membership Agreement) through October 7, 2008, for a total of 416 days; that 15% of the mean daily room rate of $72.00 equals $10.80; that the Regency Inn has a total of 113 rooms; that 15% of the daily room rate multiplied by the total number of rooms for every day Defendants continue to use Plaintiff's marks amounts to an award of $507,686.40.

- 4 -

   (a) Defendants Greenville and Bipinchandra B. Patel on Counts I and II in the amount of $83,193.10, together with interest at the rate of 1.5% per month from October 1, 2008 until paid in full;

   (b) Defendants Clarksdale, Bhupatbhai Patel, and Bipinchandra B. Patel on Counts III and IV in the amount of $3,806.15 together with interest at the rate of 1.5% per month from October 1, 2008 until paid in full;

   (c) Defendants Greenville and Bipinchandra B. Patel on Count V in the amount of 507,686.40; and

   (d) Defendants Clarksdale, Bhupatbhai Patel, and Bipinchandra B. Patel on Count VI in the amount of $382,090.50.

**IT IS FURTHER ORDERED** that default judgment is entered against all Defendants on Counts VII through XII. Defendants and their agents, servants, employees and attorneys and those persons in active concert or participation with Defendants are permanently enjoined from:

   (a) Making any use of the Best Western Marks, any colorable imitation thereof, or any other confusingly similar marks;

   (b) Displaying, authorizing, licensing or assisting or facilitating any other person's or entity's use of display of the Best Western Marks or any colorable imitation thereof;

   (c) Using anything consisting of or incorporating any one or more words, letters, designs or devices that contain any component of the Best Western Marks, or which singly or together are similar in spelling, sound, appearance, or in any other manner to the Best Western Marks; and

   (d) Defendants and any other persons and entities acting on behalf of or in concert with Defendants, are directed to immediately notify all advertisers, search engines, and providers of related services that Defendants are not affiliated with Best Western and are required to cause the cessation of

all advertising and distribution of promotional material containing any of the Best Western Marks, any colorable imitation thereof, or any other confusingly similar marks, and Defendants are enjoined from using any such marks (or any imitations or marks confusingly similar thereto) anywhere on the Internet or elsewhere, including without limitation any use on or with any websites, domain names, metatags, key words, banner ads, or search engines.

**IT IS FURTHER ORDERED** awarding Plaintiff's attorneys' fees and costs in the amount of $7,371.37.

**IT IS FURTHER ORDERED** denying Plaintiff's Motion for Preliminary Injunction (Doc. # 4) as moot.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall close this case.

DATED this 13th day of April, 2009.

_/s/ James A. Teilborg_
James A. Teilborg
United States District Judge